```
 1  PHILLIP TALBERT
    United States Attorney
 2  JOSHUA VANN
    Special Assistant U.S. Attorney
 3  Death Valley National Park
    PO Box 579
 4  Death Valley, CA 92328
    Joshua_Vann@nps.gov
 5
    Attorneys for the United States of America
 6
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>Katherine M. Craig,<br><br>    Defendant. | Case No. 5:16-po-0399 JLT<br><br>MEMORANDUM OF *DIVERSIONARY* PLEA AGREEMENT PURSUANT TO RULE 11(c)(1)(B) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE<br><br>Hon. Jennifer L. Thurston |
|---|---|

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by and through Phillip Talbert, the United States Attorney for the Eastern District of California, and Special Assistant United States Attorney Joshua Vann, has agreed with the defendant, Katherine M. Craig, and her Counsel, Assistant Federal Defedner Megan T. Hopkins, as set forth below.

This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting,

administrative, or regulatory authorities.

1. Charges

The defendant acknowledges that she has been charged (by citation) in this case in two counts, as follows:

Count One: Possessing a Pet in a Closed Area, in violation of Title 36, Code of Federal Regulations, Section 2.15(a)(1) (Class B Misdemeanor). (Citation No. 4733115)

Count Two: Failure to Restrain Dog on Leash, in violation of Title 36, Code of Federal Regulations, Section 2.15(a)(2) (Class B Misdemeanor). (Citation No. 4733116)

2. Agreements by the Defendant

(a) The defendant agrees that this Plea Agreement shall be filed with the Court and become a part of the record of the case.

(b) The defendant agrees to enter a plea of guilty to Count Two, which charges her with Failure to Restrain a Dog on Leash, in violation of Title 36, Code of Federal Regulations, Section 2.15(a)(2).

(c) The defendant agrees to postpone sentencing in this matter until March, 2018. The period from the date the defendant enters a plea of guilty until the date of sentencing shall be known as the "diversionary period."

(c) The defendant understands and agrees that she will not be allowed to withdraw her plea absent a stipulation from the

government permitting such withdrawal at the conclusion of the diversionary period.

(d) The defendant knowingly and voluntarily waives her Constitutional, statutory and legal rights to appeal her plea, conviction, or sentence. This waiver of appeal includes, but is not limited to, an express waiver of the defendant's right to appeal her plea, conviction, or sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742 or otherwise. The defendant further agrees not to contest her plea, conviction, or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. §§ 2255, except for non-waivable claims.

(e) The defendant further acknowledges that her plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this Plea Agreement, to induce the defendant to plead guilty.

(f) During the diversionary period, the defendant agrees to: (1) pay of fine of $700 within 11 months of the date of her Guilty Plea; (2) not return to Death Valley National Park with her dog at any time during the diversionary period; and (3) continue to obey all laws. The term "obey all laws" as used herein means all federal, state and local laws. An offense that can be charged only as a traffic infraction will not be

considered a "violation of the law" within the meaning of this agreement, so long as it does not occur within the jurisdiction of Death Valley National Park.

(g) The defendant agrees that compliance with the above terms set forth in paragraphs (2)(f) and (g) is to be determined at the sole discretion of the United States Attorney's Office for the Eastern District of California.

(h) The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(i) Should the defendant not be a citizen of the United States, the defendant hereby acknowledges that adverse immigration consequences, including but not limited to removal from the United States, exclusion from admission into the United States, and/or denial of naturalization in the United States, may result from her plea.

3. Agreements by the Government

(a) The government agrees to to waive any mandatory appearance requirement for the Defendant upon execution of this

MEMORANDUM OF DIVERSIONARY PLEA AGREEMENT    4
U.S. v. Katherine M. Craig

agreement and to recommend that the Court set this matter for a sentencing hearing in March, 2018, in order to permit the defendant to perform the conditions set forth in paragraphs (2)(f) and (g) above.

(b) If the defendant fully complies with the terms set forth in paragraphs (2)(f) above, the government agrees to: (i) stipulate to the withdrawal of the defendant's guilty plea; and (ii) move for dismissal of Count Two at the time of sentencing.

(c) The government agrees to move for a dismissal of Count One upon execution of this agreement.

4. Nature, Elements and Possible Defenses

The defendant has read the charges against her contained in the citations and probable cause statements, and the charge has been fully explained to her by his attorney. Further, the defendant fully understands the nature and elements of the crime in the citation to which she is pleading guilty, together with the possible defenses thereto, and has discussed them with her attorney.

The elements of the crime of disorderly conduct, as alleged in the Citation, are as follows:

> First, the defendant was on the premises Death Valley National Park, in the special maritime and territorial jurisdiction of the State and Eastern District of California;

Second, the defendant had with her a dog which was not on a leash or any other type of restraint.

5. Factual Basis

The defendant concedes that she will plead, and is pleading, guilty to the crime set forth Count Two, because she is, in fact, guilty of that offense. The defendant also agrees that the following are the true and correct facts of this case:

On March 14, 2016, while in the Mesquite Sand Dunes area of Death Valley National Park, in the special maritime and territorial jurisdiction of the State and Eastern District of California, the defendant had an unrestrained dog with her, in violation of Title 36, Code of Federal Regulations, Section 2.15(a)(2).

6. Potential Sentence

The following is the maximum potential sentence which the defendant faces:

Count Two: Failure to Restrain Dog on Leash, in violation of Title 36, Code of Federal Regulations, Section 2.15(a)(2) (Class B Misdemeanor):

(a) Imprisonment.

Maximum: Six (6) months.

(b) Fine.

Maximum: Five Thousand Dollars ($5,000).

(c) Both such fine and imprisonment.

(d) Penalty Assessment.

Mandatory: Ten dollars ($10.00).

7. Waiver of Rights

The defendant understands that by pleading guilty she surrenders certain rights, including the following:

(a) If the defendant persisted in a plea of not guilty to the charge against her, she would have the right to a public and speedy trial by a judge sitting without a jury.

(b) The judge would find the facts and determine, after hearing all the evidence, whether or not she was persuaded of the defendant's guilt beyond a reasonable doubt.

(c) At a trial, the government would be required to present its witnesses and other evidence against the defendant, and prove each element of the charge against the defendant beyond a reasonable doubt. The defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on her own behalf. If the witnesses for the defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel. If she could not afford legal counsel, one would be appointed for her by the Court at no expense to her.

(d) At a trial, the defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

The defendant understands that by pleading guilty she is waiving all of the rights set forth above, and acknowledges that her attorney has explained to her those rights and the consequences of her waiver of those rights.

8. Questions by Court

The defendant understands that if the Court questions her under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against her in a prosecution for perjury.

9. Entire Agreement

This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of any promises apart from those specifically set forth in this Plea Agreement.

10. Court not a Party

(a) It is understood by the parties that the Sentencing Court is neither a party to nor bound by this agreement and the sentencing judge, pursuant to Rule of Criminal Procedure 11(d)(2)(B), may decline to permit defendant to withdraw her guilty plea at the time of sentencing, and is free to impose the

maximum penalties as set forth in paragraph 6 even if defendant satisfies all of the terms and conditions of this agreement. Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the defendant's criminal activities, including activities which may not have been charged in the complaint.

PHILLIP TALBERT
United States Attorney

Dated: 4/18/17    By: /s/ Joshua Vann
                      JOSHUA VANN
                      Special Assistant U.S. Attorney

Dated: 3-12-17    By: /s/ Katherine M. Craig
                      KATHERINE M. CRAIG

Dated: 3/13/2017  By: /s/ Megan T. Hopkins
                      MEGAN T. HOPKINS
                      Assistant Federal Defender
                      Attorney for Katherine M. Craig

IT IS SO ORDERED.

Dated: April 18, 2017

/s/ Jennifer L. Thurston
Jennifer L. Thurston
United States Magistrate Judge